# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ILYA BOGUSLAVSKY, | : | No. 3:12cv2026 |
| **Plaintiff** | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| ROBERT J. CONWAY, | : | |
| **Defendant** | : | |

## **MEMORANDUM**

On October 9, 2012, Plaintiff Ilya Boguslavsky (hereinafter "plaintiff") filed the instant pro se civil rights complaint against the Honorable Robert J. Conway (hereinafter "defendant"), a judge of the Court of Common Pleas for Wayne County, Pennsylvania.[1] (Doc. 1, Compl. (hereinafter "Compl.")). Plaintiff seeks relief in the form of a declaratory judgment that defendant violated his constitutional rights by dismissing a state court civil action he filed in 2006. For the reasons stated below, the court finds that plaintiff's claims are absolutely devoid of merit and plainly unsubstantial. Accordingly, the court will order the dismissal of this action pursuant to Federal Rule of Civil Procedure 12(b)(1).

---

[1] Although plaintiff filed this lawsuit pro se, the court notes that he is an attorney and, as of August 2009, purported to be admitted to practice in New York and Connecticut. (Doc. 1-2, Letter Br. dated Aug. 8, 2009 at 19a).

**Background**[2]

This civil rights complaint arises from plaintiff's dissatisfaction with the outcome of his 2006 Wayne County Court of Common Pleas lawsuit against the Lake Watawga Property Owners Association (hereinafter "LWPOA").[3] (Compl. ¶¶ 9-10). Plaintiff's state court action sought a declaratory judgment and monetary relief.[4] (Id. ¶ 9). In July 2006, LWPOA filed preliminary objections to the complaint pursuant to Pennsylvania Rule of Civil Procedure

---

[2] These are the facts as alleged in plaintiff's complaint and the exhibits attached to the complaint. The court solely relied on these facts when deciding the appropriateness of a sua sponte dismissal, and the court makes no determination as to whether these facts or allegations are objectively true.

[3] The following paragraphs illustrate how plaintiff's dissatisfaction with the state court proceeding motivated the instant federal civil rights lawsuit:

> Importantly, neither the trial court by Defendant Robjert [sic] J. Conway nor the state appellate courts have answered the primary question raised in the action, whether LWPOA is a unit owners association as defined in the Pennsylvania Uniform Planned Community Act. Nor has any court explained why it refused to answer the question. . . .
>
> Since the state courts have not answered the question whether LWPOA meets the statutory definition of a unit owners association, resolution of that question must be obtained in a future action.

(Compl. ¶¶ 27, 36).

[4] The complaint states that the relief plaintiff sought from LWPOA "was an answer to the question whether LWPOA meets the statutory definition of a planned community unit owners association, as defined in Pennsylvania Uniform Planned Community Act, 68 Pa. C.S. §§ 5101-5414." (Compl. ¶ 11).

1017.  (Id. ¶ 12).  Plaintiff subsequently filed preliminary objections to LWPOA's preliminary objections.  (Id. ¶ 16).  Defendant, who was "[a]cting in his judicial capacity, . . . dismissed Plaintiff's civil action based on factual allegations contained in the pleading of his opposing party, without affording Plaintiff an opportunity to respond to these factual allegations."[5]  (Id. ¶ 8).

Plaintiff moved for reconsideration of defendant's order dismissing the case on the basis that defendant had no authority to dismiss the case without first granting plaintiff an opportunity to "plead over."  (Id. ¶ 21).  Defendant "ignored" plaintiff's motion for reconsideration.  (Id. ¶ 22).  Plaintiff maintains that defendant erred in overruling his objections and granting LWPOA's objections without giving him an opportunity to "plead over."  (Id. ¶¶ 17-18).  Plaintiff specifically alleges that defendant "deprived Plaintiff of his basic procedural right to file a responsive pleading and disobeyed the rules of procedure.  'If the preliminary objections are overruled, the objecting party shall have the right to plead over within twenty days after the notice of the order . . . .'  PA. R. C. P. 1028(d)."  (Id. ¶ 18).

Plaintiff raised this same issue in a timely appeal to the Pennsylvania Commonwealth Court.  (Id. ¶ 23).  In March 2010, the Commonwealth Court

---

[5] Plaintiff also alleges that LWPOA did not verify their objections pursuant to Pennsylvania Rule of Civil Procedure 1024(a), and plaintiff speculates that they may have not verified their objections because they knew that the averments were not true.  (Compl. ¶ 13-15).

3

affirmed defendant's order dimsissing LWPOA.[6]  (Id. ¶ 24; Doc. 1-3, Mem. dated Mar. 3, 2010).  Plaintiff raised the issue of defendant's denial of his ability to "plead over" before the Pennsylvania Supreme Court.  (Compl. ¶ 25).  On January 6, 2011, the Pennsylvania Supreme Court denied plaintiff's Petition for Allowance of Appeal.  (Id. ¶ 26; Doc. 1-4, Order dated Jan. 6, 2011).

Plaintiff maintains in the instant action that defendant's order denying his objections, granting the LWPOA's objections and dismissing the case denied him of property without due process of law.  (Compl. ¶¶ 29-31).  Plaintiff's claim rests on his contention that defendant violated his procedural due process rights by not following the rules of civil procedure and state law.  (Id. ¶ 32).  Plaintiff seeks relief in the form of a declaratory judgment that

---

[6] The complaint states that the Commonwealth Court affirmed defendant "without addressing the issue [upon which he appealed]."  (Compl. ¶ 24).  A review of the attached Commonwealth Court opinion on the matter reveals that the Commonwealth Court indicated that plaintiff (referred to as "Homeowners") did not appeal defendant's order preventing him from pleading over.  (See Doc. 1-3, Mem. dated Mar. 3, 2010).  The Commonwealth Court stated as follows:

> Homeowners filed an amended complaint against all parties on November 27, 2006, and all parties filed preliminary objections to it.  Before the trial court could rule on the preliminary objections, Homeowners filed a second amended complaint on December 17, 2007.  The trial court issued an order dismissing the second amended complaint as untimely as against [LWPOA] and Branley.  Homeowners have not appealed this order.

(Id.).

defendant "violated Plaintiff's constitutional due process rights and has dismissed the civil action brought by Plaintiff without affording him [sic] full and fair opportunity to litigate." (Id. ¶ 37).

**Discussion**

The court will sua sponte dismiss plaintiff's complaint. A federal court may sua sponte dismiss a complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) when the complaint's allegations "are so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, obviously frivolous, plainly insubstantial, or no longer open to discussion." Hagans v. Lavine, 415 U.S. 528, 536-37 (1974) (internal citations and quotation marks omitted); Degrazia v. F.B.I., 316 F. App'x 172, 173 (3d Cir. 2009) (holding that the district court properly dismissed claims sua sponte under Rule 12(b)(1) when those claims met the Hagans standard).

Defendant is a Pennsylvania Court of Common Pleas judge and, as such, claims against him for his judicial acts are barred by judicial immunity. See Azubuko v. Royal, 443 F.3d 302, 303 (3d Cir. 2006) ("A judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts." (citing Mireles v. Waco, 502 U.S. 9, 12 (1991))). "'Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts within their judicial jurisdiction.'" Cleavinger v. Saxner, 474 U.S. 193, 199 (1985) (quoting Pierson v. Ray, 386 U.S. 547, 553-54 (1967), overruled in part on other

grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982)). "Judicial immunity provides complete immunity from suit, not merely from an ultimate assessment of damages." Smith v. Stark, 777 F. Supp. 2d 795, 801 (D. Del. 2011) (citing Mireles, 502 U.S. at 11 (1991)). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" Stump v. Sparkman, 435 U.S. 349, 356-57 (1978) (citation omitted). Indeed the doctrine of judicial immunity applies even to allegations of malice or judicial corruption. See Pierson, 386 U.S. at 554.

Public policy supports the broad grant of judicial immunity found in federal precedent. The Supreme Court has recognized that although "unfairness and injustice to a litigant may result on occasion, 'it is a general principle of the highest importance to the proper administration of justice that judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.'" Mireles, 502 U.S. at 10 (quoting Bradley v. Fisher, 13 Wall. 335, 347 (1872)). As the Supreme Court explained, "[i]f judges were personally liable for erroneous decisions, the resulting avalanche of suits, most of them frivolous and vexatious, would provide powerful incentive for judges to avoid rendering decisions likely to provoke such suits." Forester v. White, 484 U.S. 219, 226 (1988).

Plaintiff, however, does not seek monetary damages from defendant;

plaintiff seeks declaratory relief. The doctrine of judicial immunity does not prohibit all actions against judicial officers for declaratory relief. In 1996, Congress amended 42 U.S.C. § 1983 to provide that, "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable."[7] 42 U.S.C. § 1983 (abrogating in part Pulliam v. Allen, 466 U.S. 522, 541-42 (1984) (holding that judicial immunity is not a bar to prospective injunctive relief against a judge acting in his or her judicial capacity)); see also Azubuko, 443 F.3d at 303-04 (citing 42 U.S.C. § 1983).

The 1996 amendment to Section 1983, however, does not alter case law regarding the availability of declaratory relief against judicial officers. Corliss v. O'Brien, 200 F. App'x 80, 84 (3d Cir. 2006) (citing Brandon E. ex rel. Listenbee v. Reynolds, 201 F.3d 194, 197-98 (2000)). Congress has provided that, in certain situations, district courts "may declare the rights and other legal relations of any interested party seeking such declaration . . . ." 28 U.S.C. § 2201. Declaratory judgment is an inappropriate remedy, however, if it is used solely to adjudicate past conduct. See Corliss, 200 F. App'x at 84

---

[7] The 1996 amendment to Section 1983 does not expressly authorize suits for declaratory relief against judges. Rather, this amendment "recognizes that declaratory relief is available in some circumstances, and then limits the availability of injunctive relief to circumstances in which declaratory relief is unavailable or inadequate." Rush v. Wiseman, No. 09-4385, 2010 WL 1705299, at *11 n.9 (E.D. Pa. Apr. 27, 2010) (citing Brandon E. ex rel. Listenbee v. Reynolds, 201 F.3d 194, 197-98 (2000)).

7

(citing Gruntal & Co., Inc. v. Steinberg, 837 F. Supp. 85, 89 (D.N.J. 1993)). As such, the Third Circuit Court of Appeals has denied the request for declaratory relief where the litigant "is not seeking declaratory relief in the true legal sense." Id.

In Corliss, a pro se prisoner-plaintiff filed suit against several state court judges, in which he sought a declaration that the defendants violated his constitutional rights and Pennsylvania law. Id. at 83, 84 n.4. The Third Circuit held that the plaintiff's attempt to have a federal court "declare" that another judge violated his rights is not legally cognizable. Id. at 84. Other district courts sitting in the Third Judicial Circuit have similarly held that declaratory relief against a judge is unavailable when the plaintiff fails to ask for declaratory relief in the legal sense. See Vonderheide v. Berks Cnty., No. 12-23, 2012 WL 676979 (E.D. Pa. Mar. 1, 2012) ("[a]lthough declaratory relief against judicial officers may be available, from what this Court can discern, it does not appear Plaintiffs have pled legally cognizable claims for declaratory relief against the Judicial Defendants."); Rush v. Wiseman, No. 09-4385, 2010 WL 1705299, at *11 (E.D. Pa. Apr. 27, 2010) (finding that declaratory relief is unavailable when the plaintiff sought a declaration that a federal judge, while acting in her official capacity, conspired to violate the plaintiff's rights).

In the instant case, plaintiff seeks a declaration that defendant, a Pennsylvania Court of Common Pleas judge acting in his official capacity as a neutral arbiter, violated his due process rights by ruling against him in a civil lawsuit. Like the plaintiffs in Corliss, Rush and Vonderheide, plaintiff does not

8

ask for a declaratory judgment in the legal sense. Plaintiff's claim for relief is wholly unsupported by the law, which consistently forbids collateral actions for declaratory relief when the constitutionality of a judicial officer's prior rulings are at issue. The allegations and claim for declaratory relief in plaintiff's complaint are, at best, specious. An examination of the complaint reveals that plaintiff's claims are absolutely devoid of merit and plainly unsubstantial. Accordingly, the court will sua sponte dismiss plaintiff's claims against defendant pursuant to Federal Rule of Procedure 12(b)(1) because the court lacks subject matter jurisdiction in light of the utter futility of proceeding with a case in which all issues are no longer open to discussion.[8]

Moreover, the court notes that public policy favors sua sponte dismissal of the case. Although plaintiff seeks relief in the form of declaratory judgment and not money damages, the policy justifications for judicial immunity are nonetheless present because plaintiff's allegations center on defendant's official judicial conduct. The doctrine of judicial immunity would be undermined if a plaintiff were allowed to pursue a declaratory judgment action against a judge simply because that plaintiff believes the judge's prior rulings do not comport with the plaintiff's conception of the constitution. See Waris v. Frick, No. 06-5189, 2007 WL 954108, at *9 (E.D. Pa. Mar. 28, 2007)

---

[8] The court notes that when faced with a similar situation–a legally unsupportable lawsuit by a pro se plaintiff stemming from the official acts of a judicial official–district courts sitting in the Third Circuit have dismissed the action pursuant to Federal Rule of Civil Procedure 12(b)(1). See, e.g., Smith v. Laster, 787 F. Supp. 2d 315, 318-19 (D. Del. 2011).

(dismissing claims for declaratory relief against judicial defendants and noting that "the purposes of judicial immunity and the limitations on injunctive relief in 42 U.S.C. § 1983 would be ill-served if judges routinely were forced to defend against declaratory judgment actions like this one.").

Additionally, the court would erode the doctrine of *res judicata* if plaintiffs were permitted to pursue actions for declaratory judgments against judges for their past judicial rulings. Such actions could easily devolve into a relitigation of the issues presented in the prior proceeding, in which the judicial officer is substituted for the adverse party from the prior proceeding. The threat of relitigating settled issues is readily apparent from the instant case, in which plaintiff raises "unanswered questions" and contends that neither the trial court nor the Commonwealth Court nor the Supreme Court of Pennsylvania adequately addressed them. (See Compl. ¶¶ 27, 36). Civil courts function to resolve disputes, and parties to a dispute and society at large benefit from the finality the court system offers. Our system of civil justice would quickly be transformed into a sisyphean nightmare if plaintiff's case and others like it were permitted to proceed. Rejecting plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) serves to preserve the doctrinal underpinnings on which our system of civil justice rests.

**Conclusion**

For the reasons stated above, the court will sua sponte dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(1). An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ILYA BOGUSLAVSKY, | : | No. 3:12cv2026 |
| Plaintiff | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| ROBERT J. CONWAY, | : | |
| Defendant | : | |

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## **ORDER**

**AND NOW**, to wit, this 19th day of October 2012, Plaintiff Ilya Boguslavsky's complaint (Doc. 1) is hereby **DISMISSED** pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. The Clerk of Court is directed to **CLOSE** this case.

**BY THE COURT:**

**s/ James M. Munley**
**JUDGE JAMES M. MUNLEY**
**United States District Court**